This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

   Plaintiff-Appellee,

v.                                                        **No. A-1-CA-35746**

**RANDALL JULIAN,**

   Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Daniel A Bryant, District Judge**

Hector H. Balderas, Attorney General
Emily Tyson-Jorgenson, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
C. David Henderson, Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**M. ZAMORA, Chief Judge.**

**{1}**   Defendant Randall Julian appeals his conviction for forgery (make or alter) (over $2,500 but not more than $20,000), pursuant to NMSA 1978, Section 30-16-10 (2006), and fraudulently obtaining a motor vehicle, pursuant to NMSA 1978, Section 30-16D-3 (2009). Defendant argues that (1) his confrontation rights were violated when the district court admitted implied testimonial statements from a witness who did not testify; and (2) his convictions violate double jeopardy. Concluding that Defendant's confrontation rights were not violated, but accepting the State's concession that his right to be free from double jeopardy was violated, we affirm, in part, reverse, in part, and remand with instructions to vacate Defendant's conviction for fraudulently obtaining a motor vehicle.

**BACKGROUND**

**{2}** This case arises from an incident in which Defendant obtained a brown Cadillac from Main Street Auto in Ruidoso, New Mexico, after providing a check in the amount of $16,000. The check reflected a checking account in the name of Christopher Eisenberg and bore the memo "Nephew's Car." The check bounced because the checking account on which it was drawn was a closed account. Officer Christopher Bryant of the Ruidoso Police Department was dispatched to Main Street Auto regarding the $16,000 "hot check" and spoke to Bob Fincannon, the owner of Main Street Auto. After speaking to Mr. Fincannon, Officer Bryant's investigation led him to search for Defendant and a brown Cadillac.

**{3}** Officer Bryant located Defendant and told him that the $16,000 check he had written to Main Street Auto had bounced. Defendant admitted to providing the check and to receiving the car in return for providing the check. Specifically, Defendant told Officer Bryant that he had given the check to Main Street Auto for the Cadillac and told him "that a relative of his, named Chris, had loaned him the money until he could get a settlement from a car wreck he was in, and then he was going to pay his relative back."

**{4}** During the investigation, Officer Bryant discovered that the check was made on the account of Christopher Eisenberg and purportedly signed by Mr. Eisenberg. Mr. Eisenberg is an officer of the Ruidoso Police Department and a colleague of Officer Bryant's. Mr. Eisenberg testified at trial that he did not sign the check, did not know Defendant, did not give Defendant permission to write a check on his account, and had not done any business with Main Street Auto.

**{5}** Prior to trial, Mr. Fincannon died. As a result and before trial, Defendant moved to exclude "the check and any and all information and references related to Mr. Fincannon," arguing that since Mr. Fincannon died before Defendant could cross-examine him, it would be a violation of his right to confront Mr. Fincannon about how he received the check. The district court denied Defendant's motion in limine but ruled that Officer Bryant would only be allowed to testify that the check was given to him by Mr. Fincannon if the State introduced evidence of Defendant's admissions that tie the $16,000 check to the transaction. The jury convicted Defendant of forgery and fraudulently obtaining a motor vehicle.

**DISCUSSION**

**I.    Confrontation Clause**

**{6}** The Sixth Amendment of the United States Constitution and Article II Section 14 of the New Mexico Constitution provide that in criminal prosecutions, the accused shall have the right to be confronted with the witnesses against him. "Claimed violations of the Sixth Amendment right to confrontation are reviewed de novo." *State v. Tollardo*, 2012-NMSC-008, ¶ 15, 275 P.3d 110. "We review the admission of evidence pursuant to the hearsay rule for an abuse of discretion." *State v. Leyba*, 2012-NMSC-037, ¶ 10,

289 P.3d 1215. The United States Supreme Court further clarified the Confrontation Clause in *Crawford v. Washington*, 541 U.S. 36, 68 (2004), providing that in order for a testimonial hearsay statement to be admitted at trial, the witness must be unavailable at trial and the defendant must have had a prior opportunity to cross-examine the witness. *See State v. Navarette*, 2013-NMSC-003, ¶ 7, 294 P.3d 435. A testimonial statement is "typically a solemn declaration or affirmation made for the purpose of establishing or proving some fact." *Tollardo*, 2012-NMSC-008, ¶ 15. "*Crawford* does not apply, however, where the testimonial statement is not offered to prove the truth of the matter asserted." *State v. Dietrich*, 2009-NMCA-031, ¶ 50, 145 N.M. 733, 204 P.3d 748. Thus, if the testimony was not offered to prove the truth of the matter asserted, Defendant's right to confrontation was never triggered. *See id.*

{7}     Defendant contends that under the Sixth Amendment of the U.S Constitution and under Article II, § 14 of the New Mexico Constitution, his confrontation rights were violated because the State introduced evidence that made implied representations about Mr. Fincannon's statements to Officer Bryant. Defendant argues that Officer Bryant's testimony went beyond establishing the context of his investigation and instead was intended to prove the truth of the matter asserted by including "testimonial statements [from Mr. Fincannon] that [Defendant] gave him a $16,000 check in exchange for the car; that the check had not cleared; that [Defendant] used the check to obtain the car; and that the check used was a forgery." Defendant cites various out-of-state and federal cases to support the proposition that this is "implied hearsay" and thus violates the Confrontation Clause.

{8}     The disputed testimony is as follows:

| | |
|---|---|
| Prosecutor: | Now, . . . did you speak to Mr. Fincannon? |
| Officer Bryant: | Yes |
| Prosecutor: | Now, where did you go or, who—and/or who did you seek out after that? |
| Officer Bryant: | Continuing with my investigation, I was looking for [Defendant]. |
| . . . . | |
| Prosecutor: | And what were you looking for in addition to [Defendant]? |
| Officer Bryant: | Okay, I was looking for a 2008 Cadillac, 4-door car that he had got from Main Street Auto. |
| Prosecutor: | Now, what color was that Cadillac? |
| Officer Bryant: | It was a brown. **[11/18/15 CD 3:04:27-46, 3:05:06-22]** |
| . . . . | |
| Prosecutor: | After talking to . . . Defendant, did you continue your investigation? |
| Officer Bryant: | Yes, I did continue the investigation. |
| Prosecutor: | In your later investigation, did you have occasion to go back to Main Street Auto? |

| | |
|---|---|
| Officer Bryant: | Yes, I did, continuing my investigation. |
| Prosecutor: | Let me show you State's Exhibit #1, front and back, . . . do you recognize State's #1? |
| Officer Bryant: | Yes, I do. |
| Prosecutor: | How do you recognize it? |
| Officer Bryant: | This was the check that was given to me—that was the hot check. |
| Prosecutor: | And who did you . . . |
| Defense Counsel: | Objection. |
| [Unrecorded bench conference.] | |
| Prosecutor: | Did you obtain State's Exhibit #1 from Main Street Auto? |
| Officer Bryant: | I did. |
| Prosecutor: | On what date? |
| Officer Bryant: | May 16th. |
| . . . . | |
| Prosecutor: | Had, in your day before interview of . . . Defendant had he mentioned a person named Chris? |
| Officer Bryant: | Yes, he did. |
| Prosecutor: | Now that you had received the check—State's #1— from Mr. Fincannon, did a light go off? |
| Officer Bryant: | Yes, it did. |
| Prosecutor: | Why did the light go off? |
| Officer Bryant: | The check is—belongs to Chris Eisenberg. I've known Chris for over ten years. |

**{9}** This Court has previously addressed this issue in *Dietrich*, 2009-NMCA-031. In *Dietrich*, the defendant contended that his Sixth Amendment confrontation rights were violated when an alleged victim did not testify at trial, and the detective testified to statements the alleged victim made to him. *Id.* ¶ 46. The defendant in that case had initially called the police to report a burglary, but during the detective's investigation, the alleged victim stated that the defendant had tried to rape him. *Id.* ¶¶ 2-3. Thereafter the investigation developed into an investigation about the defendant's sexual misconduct. *Id.* ¶ 3. The detective testified about statements the alleged victim made to him, including that the defendant had tried to rape him. *Id.* ¶¶ 46, 48. On appeal, the defendant argued that the admission of these statements amounted to fundamental error because they violated the defendant's Sixth Amendment rights. *Id.* ¶¶ 46-47. This Court disagreed and stated that the alleged victim's statements were not offered to prove that he was a victim of an attempted rape, but rather, they were offered "to demonstrate how the investigation proceeded from one of burglary to one of sexual misconduct." *Id.* ¶ 54. We held that the evidence was not hearsay, and concluded that "simply, it was not offered to prove the truth of the matter asserted." *Id.* ¶ 54.

**{10}** Defendant argues that *Dietrich* does not apply to the present case because the statements in *Dietrich* were not relevant to the charges submitted to the jury, but were only relevant to explain why the investigation changed from a burglary investigation into

a sexual misconduct investigation. Defendant contends that in this case, "[f]ar from merely explaining the course of [Officer] Bryant's investigation, this testimony thus provided the jury significant detail about the substance of Mr. Fincannon's testimonial statements and was directly relevant to the elements of the crimes of conviction."

{11}    We disagree with Defendant and conclude that *Dietrich* is controlling. Officer Bryant's testimony explained the steps he took in his investigation after speaking with Mr. Fincannon. This is not hearsay because the statements were not offered for the truth of the matter asserted, but rather to show the course of Officer Bryant's investigation and how he came to look for Defendant and the Cadillac in the first place. The elicited testimony from Officer Bryant was, at a minimum, evidence of the Defendant's identity of the person who gave Mr. Fincannon the check for the purchase of the Cadillac. Additionally, whereas in *Dietrich* the officer testified to specific statements the alleged victim made to him, here, Officer Bryant did not testify to any specific statements made by Mr. Fincannon. Rather, Officer Bryant merely explained the process of his investigation and the actions he took after speaking to Mr. Fincannon. Any implications arising from this testimony do not amount to statements offered for the truth of the matter asserted and are therefore not hearsay. Because New Mexico precedent resolves this issue, we do not consider Defendant's out-of-state and federal case law arguments. Therefore, we hold that Officer Bryant's testimony was not hearsay and that Defendant's confrontation rights were not violated.

## II.    Double Jeopardy

{12}    Defendant argues that his convictions for forgery and fraudulently obtaining a motor vehicle violate double jeopardy because the elements of one is subsumed within the other. The State concedes that Defendant's double jeopardy rights were violated and asks this Court to vacate his lesser conviction. Although we are not bound by the State's concession, we accept it under the facts of this case. *See State v. Montoya*, 1993-NMCA-097, ¶ 28, 116 N.M. 297, 861 P.2d 978 (accepting the state's concession that the defendant's convictions of fraud and making a false written statement violated double jeopardy). "When double jeopardy exists, the offense carrying the lesser punishment is to be vacated." *State v. Lee*, 2009-NMCA-075, ¶ 16, 146 N.M. 605, 213 P.3d 509. Defendant's conviction for fraudulently obtaining a motor vehicle was a fourth degree felony and his conviction for forgery was a third degree felony. Therefore, Defendant's conviction for fraudulently obtaining a motor vehicle must be vacated.

## CONCLUSION

{13}    For the aforementioned reasons, Defendant's conviction for forgery is affirmed. His conviction for fraudulently obtaining a motor vehicle is reversed and remanded with instructions to vacate and for further proceedings consistent with this opinion.

{14}    **IT IS SO ORDERED.**

**M. MONICA ZAMORA, Chief Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**BRIANA H. ZAMORA, Judge**